IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JOHNNY BROCK                                                                                           PLAINTIFF

v.                          Case No. 2:16-CV-02046-PKH-MEF

MIKE GODFREE (Polk                                                                                DEFENDANT
County Sheriff)

## ORDER

This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983.  Plaintiff proceeds pro se and in forma pauperis.

Pursuant to 28 U.S.C. § 1915(e)(2), the Court has the obligation to screen any complaint in which an individual has sought leave to proceed IFP.  28 U.S.C. § 1915(e)(2).  On review, the Court is to dismiss the complaint, or any portion of the complaint, that is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

**I.    BACKGROUND**

Plaintiff filed his complaint on March 2, 2016, in the Eastern District of Arkansas.  (Doc. 2).  The case was properly transferred to this District on March 4, 2016.  (Doc. 3).  Plaintiff is currently incarcerated in the Arkansas Department of Correction (ADC) Grimes Unit.  He alleges the Polk County Sheriff's Department took $4,500.00 in cash without reason or legal right.  (Doc. 2, p. 4).

Plaintiff proceeds against Defendant in his official and personal capacity.  (Doc. 2, p. 2). Plaintiff seeks the return of his $4,500.00.  (Doc. 2, p. 5).

1

## II. ANALYSIS

Plaintiff failed to state a cognizable claim under § 1983 for the loss of his money. *See Hudson v. Palmer*, 468 U.S. 517, 533, 104 S. Ct. 3194, 82 L. Ed. 2d 393 (1984) (intentional deprivation of property does not violate due process when meaningful post-deprivation remedy is available); *Barnett v. Centoni*, 31 F.3d 813 (9th Cir. 1994) (negligent or intentional deprivation of prisoner's property fails to state claim under § 1983 if state has adequate post-deprivation remedy); *Elliot v. Hurst*, 307 Ark. 134, 817 S.W.2d 877, 880 (1991) (cause of action for conversion lies where distinct act of dominion is exerted over property in denial of owner's right). Accordingly, because Plaintiff could seek redress in Arkansas state courts for his claim of lost property, he has no claim pursuant to § 1983 in this regard.

For these reasons, IT IS ORDERED that Plaintiff's claims are DISMISSED WITHOUT PREJUDICE.

Judgment will be entered accordingly.

IT IS SO ORDERED this 3rd day of November, 2016.

/s/ P. K. Holmes, III
P. K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE